UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC ORLANDO FOWLER,

    Plaintiff,

v.                          Case No. 5:25-cv-123-AW/MJF

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff Eric Orlando Fowler, proceeding *pro se*, has filed a complaint against the United States of America, President Donald Trump, and the "Alien Property Custodian." Doc. 1. Fowler has incurred at least three "strikes" under 28 U.S.C. § 1915(g). Fowler also violated the Local Rules insofar as he neither paid the filing fee nor moved for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3. Because Fowler is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* and Fowler failed to pay the filing fee at the time he commenced this lawsuit, the District Court should dismiss this civil action.

### I. Background

Fowler is an inmate currently confined at the Northwest Florida Reception Center. Plaintiff seeks an order granting "conveyance,

transfer, and delivery . . . of the money or other property so held in the hands of the alien property custodian or by the treasurer of the United States or by the president or the interest therein to which" he purportedly is entitled. Doc. 1 at 3.

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. 597 (2020). A prisoner who is barred from proceeding *in forma pauperis* "must pay the filing fee at the time he initiates his lawsuit," and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). There is a narrow exception, however: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Fowler has incurred at least three strikes under section 1915(g):

- *Fowler v. Campbell*, 8:18-cv-2122-CEH-CPT (M.D. Fla. Oct. 4, 2018), ECF. No. 6 (dismissing for failure to state a claim).

- *Fowler v. 6th Jud. Cir.*, 8:18-cv-2575-MSS-JSS (M.D. Fla. Nov. 8, 2018), ECF. No. 4 (dismissing for failure to state a claim).

- *Fowler v. State of Florida*, 8:18-cv-2121-CEH-CPT (M.D. Fla. Feb. 14, 2019), ECF. No. 9 (dismissing for failure to state a claim).

Because he has incurred *at least* three strikes, Fowler was required to pay the filing fee at the time he commenced this lawsuit, and he cannot prosecute this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Fowler's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting another source) *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Fowler's complaint fails to allege facts which indicate that Fowler is in imminent danger of serious physical injury. Thus, he should have paid the filing fee at the time he commenced this lawsuit. He failed to do so. Therefore, dismissal without prejudice is appropriate. *See Dupree*, 284 F.3d at 1236; N.D. Fla. Loc. R. 41.1.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice.

2. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this <u>9th</u> day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If Plaintiff disputes the accuracy of any judicially-noticed fact he must raise this issue in an objection to this report and recommendation.**